IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD JOHNSON, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-01470 |
| | § | |
| MIDFIRST BANK, | § | |
| *Defendant*. | § | |

## ORDER

Defendant MidFirst Bank ("MidFirst") filed a Motion for Summary Judgment (Doc. No. 29) to which Plaintiffs filed a response which only opposed the award of attorneys' fees (Doc. No. 31). This Court having reviewed the Motion for Summary Judgment and the Response thereto hereby grants-in-part and denies-in-part the motion.

### I.

Plaintiffs, Gerald and Virgie Johnson, filed this action in state court. It was removed by MidFirst on the basis of diversity of citizenship. Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. answered after the case was removed and were subsequently dismissed by the agreement of the parties (Doc. Nos. 27, 23). Purported Defendant K. Hovnanian American Mortgage LLC was apparently never served and is not a party. Purported Defendant Midland Mortgage Company was a misnomer for MidFirst. Thus, the Johnsons and MidFirst are the only remaining parties.

### II.

The Johnsons owned the property located at 15002 Sierra Ridge Drive, Humble, Texas ("Property"), but they have failed to make their mortgage payments since September 1, 2016. They filed this lawsuit in April of 2017 to keep the mortgagee from foreclosing in May. They

claimed: 1) lack of standing, 2) alleged violations of §12.002 of the Texas Civil Practice and Remedies Code, negligence per se, gross negligence, violations of Section 51.0076 of the Texas Property Code, waiver, and they sought accounting and sought to quiet title.

Defendant MidFirst has denied the Plaintiffs' claims and sought summary judgment and an order permitting foreclosure. It filed its Motion for Summary Judgment on all claims. Plaintiffs responded, but in that response only contested the award of attorneys' fees.

### III.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the Court should not grant the motion. *Celotex Corp.*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255.

As noted above Plaintiffs have not contested any of the Defendant's substantive allegations in their response—choosing only to argue that this Court should not award attorneys' fees.

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within twenty-one (21) days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date, which in this case passed long ago.

Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) [citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980).] Since MidFirst's motion is dispositive, the Court will review it on its merits, despite the lack of response on the actual merits of the lawsuit.

## IV.

MidFirst has established by the summary judgment evidence that it has provided the Court that it is the beneficiary of the deed of trust through assignment on March 23, 2015. Further, the evidence establishes that the Johnsons have breached their obligations due under that Deed of Trust by their failure to make timely payments. Overall, due to interest costs and fees, the amount overdue and owing is $228,480.04. Moreover, the Plaintiffs did not make their September 2016 mortgage payment nor any payment since that time on the property. They have not come forward with any summary judgment evidence or even an argument that supports any of their causes of action. Further, they have not come forward with any argument as to why this summary judgment motion should not be granted nor any evidence creating a fact issue on any cause of action.

The Defendant has denied all of the Plaintiffs' claims and its multiple exhibits prove that none of the Plaintiffs' pleaded causes of action have merit. More importantly, under *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), it is the non-movant's burden to bring forth evidence that creates an issue of material fact on any element on any cause of action. Here, the Plaintiffs have clearly failed to do so. The Defendant clearly has standing. It is clearly the wronged party and given its denial the summary judgment evidence on file—there is not a material issue of fact on any of the Plaintiffs' causes of action.

The Court, therefore, grants the Defendant's Motion for Summary Judgment (Doc. No. 29).

V.

Plaintiffs have contested the Defendant's request for attorneys' fees in connection with this motion. They maintain that "Texas law and the deed of trust do not allow Lender to recover such a money judgment." (Doc. No. 31). Defendant counters that attorneys' fees can be recovered when such recovery is provided for by statute or by contract, citing *Huston v. U.S. Bank Nat'l Assoc.*, 988 F. Supp. 2d 732, 741 (S.D. Tex. 2013). Here, the Deed of Trust provides that if:

> "...there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument..., then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's rights in the Property...." *See* **Exhibit 1-B**, at ¶ 7. Accordingly, MidFirst attached an Affidavit of Attorneys' Fees and asks the Court to award these fees. *See* **Exhibit 3**.

(Doc. No. 29 p. 23).

While this Court believes the Defendant's pleadings constitute an accurate statement of the law, its summary judgment evidence does not support its claim. Exhibit 3 to which it refers this Court as support for its fee request is an unsigned, unsworn affidavit. (Doc. No. 26-5). As

4

such it is not proper summary judgment evidence. Consequently, this Court denies the request for attorneys' fees.

## VI.

In conclusion, the Court grants MidFirst's Motion for Summary Judgment (Doc. No. 29) in all respects save for its request for attorneys' fees. The Court denies that aspect of the motion because it has no proper summary judgment evidence upon which to base such an award. The Court will enter a final judgment in a separate document.

SIGNED at Houston, Texas this 14th day of January, 2019.

Andrew S. Hanen
United States District Court Judge